IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

XIAO BIN CHEN,                                )
                                             )
                    Petitioner,              )
                                             )
       v.                                    )          Case No. 26-3026-JWL
                                             )
C. CARTER, Warden, FCI Leavenworth;          )
TODD LYONS, Acting Director, ICE;            )
KRISTI NOEM, Secretary, DHS; and             )
PAM BONDI, Attorney General,                 )
                                             )
                    Respondents.             )
                                             )
_____)

## **MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials.  For the reasons set forth below, the Court **grants** the petition.  Respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **April 13, 2026**, and shall provide notice to this Court when that release is effected.

Petitioner is a native and citizen of China who entered the United States in 1993 and who was ordered removed in 2008.  In 2011, petitioner was detained by immigration officials, but he was released on an Order of Supervision (OSUP).  On August 12, 2025, officials revoked petitioner's OSUP, and he was taken into custody the following day.  Petitioner is presently detained within this judicial district.  On February 12, 2026,

petitioner filed this habeas action; respondents have filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

Petitioner claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). Specifically, petitioner claims that his detention for more than six months has now become unreasonably indefinite, and that his release is therefore required under the framework set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)). The Court held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *See id.* at 699. The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the

2

circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions.  . . .

We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters.  But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted).  The Supreme Court then established a presumptively-reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.  And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.  This 6-month presumption, of course, does not mean that every alien not removed must be released after six months.  To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*See id.* at 701; *see also, e.g.*, *Anyimu v. Department of Homeland Security*, 2017 WL 193180, at *2-3 (D. Kan. Jan. 18, 2017) (Lungstrum, J.) (applying this framework); *Kaliku v. United States Immigration and Customs Enforcement*, 2024 WL 4854523, at *2-3 (D. Kan. Nov. 21, 2024) (Lungstrum, J.) (same); *Vargas v. Noem*, 2025 WL 2770679, at *2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (same).

The Court finds that petitioner has met his burden to provide "good reason to believe that there is no significant likelihood of [his] removal in the reasonably foreseeable future."

3

Petitioner has now been detained for nearly eight months, a significant period of time beyond the six-month period deemed presumptively reasonable by the Supreme Court. Petitioner has not been removed to China in that period, nor has a travel document been secured for petitioner.[1]  Nor have officials been able to provide an approximate date for petitioner's removal.

The Court further finds that respondents have not rebutted that showing by petitioner.  The Court does not question immigration officials' diligence in submitting an application to China and in seeking updates concerning the status of that request. Nevertheless, respondents have not shown that petitioner's removal in the reasonably foreseeable future is likely.  Respondents' declarant states that China is issuing travel documents for the removal of aliens; that charter removals to China have been successfully executed on multiple occasions; that nationality verification and travel document issuance by China routinely takes four to five months; and that three aliens detained locally were removed to China in 2025, with travel documents provided in those cases in approximately four months.  In this case, however, it has been over seven months since officials made a document request for petitioner to China, and yet the issuance of a travel document remains pending, awaiting verification of petitioner's identity.  No further details are given concerning any communications from China; thus, it is unknown whether and when petitioner's identify will be verified and China will issue a travel document.  Nor does the declarant or respondents discuss any issues particular to petitioner's case, such that the

---

[1]  Respondents' own evidence confirms that China requires a travel document for removal of an alien who, like petitioner, lacks a valid passport.

likelihood and timing of the receipt of a travel document and petitioner's removal might be assessed. The declarant states that this process with China routinely takes four to five months, but we are now well outside of that timeframe. That excessive delay does not necessarily mean that receipt of the document (and subsequent removal) is imminent – it is just as likely that obstacles remain for the issuance of a travel document for petitioner. In the absence of evidence suggesting that a travel document will indeed be issued in the near future, the Court cannot find that the Government has met its burden here.

In sum, respondents have not shown a significant likelihood that, even though officials have failed to obtain a travel document and remove petitioner to China in nearly eight months since he was detained, petitioner will nonetheless be removed to that country in the reasonably foreseeable future. Petitioner's detention has become unreasonably indefinite, and the Court therefore concludes that petitioner must be released, subject to appropriate terms of supervision. *See Zadvydas*, 533 U.S. at 700. The petition is granted to that extent, and respondents are ordered to effect petitioner's release by **April 13, 2026**.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted**. Respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **April 13, 2026**, and shall provide notice to this Court when that release is effected.

IT IS SO ORDERED.


Dated this 1st day of April, 2026, in Kansas City, Kansas.


/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge